**ZHONG WU, Guangwei Liu, Petitioners,**

v.

**Jefferson B. SESSIONS III, United States Attorney General, Respondent.**

16-3938

United States Court of Appeals, Second Circuit.

February 23, 2018

FOR PETITIONER: Jim Li, Flushing, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Brianne Whelan Cohen, Senior Litigation Counsel; Rebecca Hoffberg Phillips, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Petitioners Zhong Wu and Guangwei Liu, natives and citizens of the People's Republic of China, seek review of a November 3, 2016, decision of the BIA affirming a February 4, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhong Wu, Guangwei Liu*, Nos. A206 052 496/497 (B.I.A. Nov. 3, 2016), *aff'g* Nos. A206 052 496/497 (Immig. Ct. N.Y. City Feb. 4, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . ., [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Wu and Liu were not credible as to their claim that Chinese officials detained and harmed Wu on account of his practice of Christianity nor as to their continuing practice of Christianity in the United States.

The agency reasonably relied on record inconsistencies regarding how often Liu attended religious gatherings with Wu in China, when Wu was baptized, why Liu had not attended Wu's baptism, and how often Wu and Liu communicated during the time when Liu was on a work trip and Wu was purportedly detained, all of which called into question Wu's practice of Christianity and detention in China, as well as how long they had worked in Syracuse, which called into question their alleged attendance at church in New York City. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67. They did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably found it implausible that Liu, who lived with Wu and was aware that he had been beaten on his face, did not know that he also had been beaten on his chest and abdomen. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007) (recognizing that an adverse credibility determination may be based on inherent implausibility in the applicant's story if the "finding is tethered to record evidence" or based on common sense).

Given the inconsistent and implausible testimony, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of

 

removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.